**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Soto, Sr., | No. CV-17-00742-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Omar Soto's ("Plaintiff") appeal of the Administrative Law Judge's ("ALJ") denial of his application for Supplemental Security Income. (Doc. 13). Plaintiff argues that the ALJ erred in three ways: (1) by failing to properly weigh the relevant medical opinion evidence; (2) by improperly determining that Plaintiff's depression was not a severe impairment; and (3) by failing to provide clear and convincing reasons for discounting Plaintiff's testimony regarding the severity of his symptoms. Defendant has filed a Response (Doc. 14) and Plaintiff has filed a Reply. (Doc 17). For the reasons stated herein the Court affirms the ALJ's decision.

**A. Standard of Review**

"An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. §§ 405(g), 1383(c)(3)). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

person might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). In determining whether substantial evidence supports the ALJ's decision, a district court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). If the evidence can reasonably support either affirming or reversing the ALJ's decision, "the court may not substitute its judgment for that of the ALJ." *Id*. at 1035.

**B. Discussion**[1]

### 1. Alleged Error in Allocating Weight of Physician Evidence

The Ninth Circuit "distinguish[es] among the opinions of three types physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non examining physicians).'" *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Depending upon the nature of the patient-physician relationship, the weight to be afforded the physicians' opinions varies. *See* 20 C.F.R. § 416.927(c)(2)(i) and (ii). A treating physician's opinion is generally entitled to more weight than that of a non-treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture" of a claimant's medical impairments. *See* 20 C.R.R. § 404.1527(c)(2). In this hierarchy, "[w]hile the opinion of a treating physician is . . . entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a non-examining physician." *Garrison*, 759 F.3d at 1012 (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

"'If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

---

[1] Citations to "AR" are to the Administrative Record.

substantial evidence in [the] case record, [it will be given] controlling weight.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2015) (quoting *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (internal quotations omitted) (alterations in original); *see also* 20 C.F.R. § 404.1527(c)(2)).  At the same time though, "[a]n ALJ may discredit treating physicians' opinions that are conclusory, brief, *and unsupported by the record as a whole or by objective medical findings*." *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (emphasis added by *Burrell* Court) (citation omitted)).  However, "[a]n ALJ may only reject a treating physician's contradicted opinions by providing specific and legitimate reasons that are supported by substantial evidence." *Ghanim*, 763 F.3d at 1162 (internal quotation marks and citations omitted).  When there are conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002).

Plaintiff argues the ALJ erred when she (1) rejected the testimony and opinion of Plaintiff's treating primary care physician, Dr. Jessica Holmes; and (2) afforded determinative weight to opinions from the state agency reviewing and examining physicians.

The ALJ assigned "little weight" to treating physician Dr. Holmes because (1) Plaintiff "only saw [her] on a handful of occasions"; and (2) her opinions were "inconsistent with treatment notes, which indicated that the claimant's sensation was intact and that his neuropathy responded well to treatment." (AR 34).  The Court finds this assessment is supported by specific and legitimate reasons and substantial evidence in the record.  First, contrary to Plaintiff's objections, an ALJ may properly consider the length of the treatment relationship and the frequency of examination in determining the weight to give to the opinions of a treating physician.  *See* 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii).  Here, the ALJ expressed concern that Plaintiff had only started seeing Dr. Holmes in January 2014, and only on a handful of occasions (AR 34), thus drawing into question one of the primary reasons treating physician opinions are often

afforded such deferential status in benefit determinations. *See* 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"). Second, the ALJ's observation as to the frequency of visits to Dr. Holmes was made in conjunction with the finding that Dr. Holmes' opinions, which amounted to several check-box forms (*see* AR 722-27), were not well-supported because they were inconsistent with her own treatment notes. (AR 34; AR 789-809). The ALJ gave several, specific examples of noted inconsistencies in the record. (*See generally* AR 34).[2] Thus, the Court finds the ALJ properly evaluated the medical opinion evidence from Dr. Holmes.

Moreover, because the ALJ properly discounted Dr. Holmes' opinion evidence, the ALJ did not error in relying on opinion evidence from state agency consultants Drs. Jones, Dickstein and Griffith in assessing Plaintiff's residual functional capacity[3] ("RFC"), opinions which were also properly evaluated. The ALJ afforded these opinions from examining and non-examining consultants "partial weight." The ALJ specifically found the opinions of non-examining consultants Drs. Dickstein and Griffith to be consistent with Plaintiff's RFC. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinions of non-examining medical consultants can amount to substantial evidence as long as other evidence in the record supports their findings). The ALJ further found that examining consultant Dr. Jones' opinion was supported by the objective evidence and treatment notes. *Id.* (opinions of examining medical consultants can alone amount to substantial evidence because they rest on the doctor's own independent examination of the claimant). In combination, these findings amount to substantial evidence. Moreover, having properly discounted Plaintiff's treating physician evidence,

---

[2] The fact that the ALJ failed to provide specific citations to the record at the point in her opinion where she made these findings does not render these findings unsupported, particularly where she had previously discussed and reviewed the medical evidence earlier in her decision. (*See* AR 32).

[3] The term "residual functional capacity" means the most an individual can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks. *See* 20 C.F.R. § 404.1545(a)(1-2).

the ALJ properly relied on these opinions in making her determination.

### 2. Alleged Error in Finding Plaintiff's Depression was Not a Severe Impairment

Plaintiff next argues that the ALJ erred in finding that he did not suffer from severe mental impairments where the limitations noted by psychologist Dr. Marcel Van Eerd would make it impossible to perform any sustained work. The ALJ found Plaintiff's depression to be non-severe at step two. (AR 27). In doing so, the ALJ assessed Plaintiff's (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace ("CPP"); and (4) episodes of decompensation. The ALJ found that Plaintiff had no limitations in activities of daily living or social functioning, only mild limitations in CPP, and no episodes of decompensation. (AR 27-28). *See* 20 C.F.R. §§ 404.1520, 416.920. The ALJ also considered and properly discounted Dr. Van Eerd's opinion in finding Plaintiff's mental impairments non-severe. The ALJ found that Dr. Van Eerd's opinion was inconsistent with Plaintiff's reported activities of daily living, which reflected that Plaintiff was able to take care of his personal needs and household chores, such as cooking, cleaning, shopping, and paying bills. (AR 544). She further found that Dr. Van Eerd's conclusions were inconsistent with his own findings. For example, although Dr. Van Eerd found that Plaintiff's understanding and memory were fair, his attention and concentration were adequate, and his judgment and insight were regularly fair to good, the doctor concluded that Plaintiff was limited to short, simple tasks. (AR 544). The ALJ properly discounted Dr. Van Eerd's opinions with specific and legitimate reasons. As such, the ALJ did not error in finding Plaintiff's depression was non-severe at step two.

### 3. Alleged Error in Credibility Determination

Plaintiff next argues that the ALJ erred in discounting his symptom testimony. In assessing credibility "[f]irst, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504

F.3d 1028, 1035-1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). Second, if the claimant satisfies this test, absent any evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281. The ALJ's findings must be "'sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.'" *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 n. 3 (9th Cir. 2010) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002)).

Here, the ALJ found that "the claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations, which weakens his credibility." (AR 32). The ALJ noted, for example, that although the Plaintiff testified he has to lie down for four to five hours throughout the day, and that his impairments affected his ability to lift, squat, bend, stand, walk, kneel, climb stairs, use his hands, and complete tasks, he also reported that he can do basic household chores, such as sweeping, mopping, doing laundry, and washing dishes. (AR 31). Plaintiff also testified that he reads, watches television, uses the computer, plays with and takes his grandchildren to the park, and has regular visits with his family and friends. (AR 31). The ALJ accordingly found reason to question Plaintiff's credibility as to the severity of his symptoms. The Court finds that the ALJ provided sufficiently clear and convincing reasons for her credibility determination. Thus, the Court finds no error.

**C.    Conclusion**

On review of the record, for the reasons stated herein, the Court finds that substantial evidence supports the ALJ's determination. Accordingly,

**IT IS ORDERED** affirming the decision of the Commissioner. The Clerk of the Court is kindly directed to enter judgment accordingly and terminate this appeal.

**Dated** this 26th day of June, 2018.

Honorable Diane J. Humetewa
United States District Judge